FILED

2020 JUN 26 PM 3: 41

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF THE PETITION OF THE RIGHT OF SEPULCHER, AS NEXT OF KIN**<br><br>OF<br><br>**KAHAKUPOOLANI MOYLAN-ALSTON,**<br><br>Deceased. | **Special Proceedings Case No. SP0075-20**<br><br>**DECISION AND ORDER DENYING VERIFIED PETITION FOR DETERMINATION OF RIGHT OF SEPULCHER** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 19, 2020 for hearing on Petitioners Charles O. Alston, II's and Lina Leialoha Moylan-Alston's ("Petitioners'") Verified Petition for Determination of Right of Sepulcher ("Petition"). Attorney Jacqueline Taitano Terlaje represents Petitioners, and Lisa Therese Alston ("Lisa") appeared *pro se*. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Petitioners' Petition.

### BACKGROUND

On or about May 25, 2020, Kahakupoolani Moylan-Alston ("Kaha") died on Guam. Kaha's remains are in the possession of the Guam Medical Examiner, currently pending investigation as to the cause of death. At the time of Kaha's death, Kaha was survived by, *inter alia*, his wife, Lisa, and his parents, Petitioners. Kaha and Lisa, while separated, were still married at the time of his death.

Petitioners and Lisa discussed the possibility of Petitioner's taking Kaha's remains following release from the Guam Medical Examiner. Lisa conditioned Petitioner's taking possession and

control of Kaha's remains, requiring (1) "that the Guam Medical Examiner completes its investigation and report" and (2) "that the death certificate has been processed and released by the Office of Vital Statistics of the Government of Guam." Pet. at 2. Although setting these conditions, Lisa did not provide written consent to Petitioners.

Petitioners attempted to cause to be delivered a Notice of Petition of Right of Sepulcher upon Lisa. Petitioners were unable to affect service upon Lisa. *See* Decl. of Non-Service (June 11, 2020). Petitioners filed the instant action on June 11, 2020, seeking to exercise the right of sepulcher of Kaha's remains.

The Court held a hearing on June 19, 2020. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that the "next-of-kin . . . of the deceased shall be entitled to control the final disposition of the remains of any dead human being." 10 GCA § 4A102(a). The surviving spouse of the deceased takes priority in the right to control the final disposition of the deceased, assuming the surviving spouse is (1) a person eighteen (18) years of age or older, (2) is mentally competent, and (3) is willing to assume responsibility for the costs of disposition. *See id.* § 4A110(a). Lower on the priority list is "A surviving parent of the deceased." *Id.* § 4A110(c).

If an individual with an inferior claim desires to exercise the right of sepulcher over an individual with a superior claim, the inferior claimant shall serve written notice upon the superior claimant. *Id.* § 4A102(e). If the superior claimant does not object within forty-eight (48) hours of receipt, the superior claimant shall be deemed to have waived such right. *Id.* The superior claimant may also waive their right in writing. *Id.*

At the hearing on this matter, both Petitioners and Lisa indicated they wish to keep the remains of Kaha. Petitioners indicated they wished to have Kaha cremated and to hold a funeral service for him, keeping his remains following the service. Lisa indicated that she did not oppose Petitioners cremating Kaha and holding a funeral service for him, but she added that she wanted to keep Kaha's remains following the service. Petitioners indicated they were willing to allow Lisa to hold a private viewing at the funeral home for Kaha but they were unwilling to allow Lisa to keep

Kaha's remains. In short, both Petitioners and Lisa wish to keep the remains of Kaha following the funeral service(s).

Lisa, pursuant to section 4A110(a), takes priority in the right to control the final disposition of Kaha over Petitioners. Lisa has not provided a written waiver or impliedly waived her right to control the remains of Kaha. Neither provided evidence or advanced arguments suggesting that Lisa is not mentally competent or unwilling to assume responsibility for the costs of Kaha's disposition. While Lisa indicated she was unable to pay for the costs of disposition at the current time, she did not state she was unwilling to do so once that time comes. As both Petitioners and Lisa are still waiting for the Guam Medical Examiners to perform an autopsy, the Court declines to make any finding that Lisa is unwilling to assume responsibility for dispositional costs at this time. *See* Order After Hearing (June 19, 2020).

Therefore, pursuant to statute, Lisa, as the superior claimant, is entitled to control the final disposition of the remains of Kaha over Petitioners, the inferior claimants.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Petitioner's Petition. Lisa, as the wife of Kaha, has not waived her right to control the final disposition of Kaha's remains and is statutorily entitled to control such disposition. Lisa shall bear all costs associated with the disposition of Kaha's remains.

**IT IS SO ORDERED** this 26th day of June, 2020.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**